UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

NEREYDA CASTROS
and other similarly-situated individuals,

    Plaintiff (s),

v.

SIGNAL FINANCE COMPANY LLC
MIAMI FUNERAL SERVICES & CREMATORIES, INC.
d/b/a NATIONAL FUNERAL HOMES, AND
AUXILIADORA FUNERARIA NACIONAL,
FIRST CUBAN FINANCIAL INC
HILBERT I. MOHABIR, DAYANA SOSA and
ESTRELLA RODERO, individually,

    Defendants,
_____ /

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COME NOW the Plaintiff NEREYDA CASTROS, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., FIRST CUBAN FINANCIAL INC, HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NEREYDA CASTROS is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC, are Florida corporations which have their place of business, and performed business in Miami-Dade County within the jurisdiction of this Court. At all times, Defendants were engaged in interstate commerce.

4. The individual Defendant ESTRELLA RODERO was and is now general manager of SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC.

5. The individuals Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO are Plaintiff's employers in the meaning of 29 U.S.C. § 203(d).

6. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after April 12, 2014 (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.

Corporate Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC, provided funeral home and crematory services in the areas of Miami-Dade County. Defendants operate National Funeral Homes located at 151 NW 37 Avenue, Miami, FL 33125, and Auxiliadora Funeraria Nacional, located at 6871 Bir Road, Miami, FL 33151.

8. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC were a joint enterprise because: 1) the three companies have the same or related business activities; 2) the three companies operated out of the same locations; 3) the three companies shared centralized funeral home, facilities, equipment and supplies; 4) SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC operate as a single unit for a common business purpose; 5) Between SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC existed unified operation and common control because individual Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO controlled the day to day operations of the funeral homes, and they operated as a single unit for a common business purpose; 6) SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC shared a common business purpose, the profitable operation of the funeral homes; 7) the three corporations had interdependent financial interest, because there is common ownership. **See composite Exhibit "A"**

9. Pursuant 29 C.F.R. §791.2. SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC, were joint employers because: 1) SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC, through its owners/managers HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO had equal and absolute control over the Plaintiff and other employees similarly situated; 2) HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO assigned duties to Plaintiff and other employees similarly situated; 3) SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC through its managers, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 5) SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC operated out of the same facilities where Plaintiff and the other similarly situated employees worked; 6) The work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., FIRST CUBAN FINANCIAL INC.

10. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

11. Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC are the joint employers of Plaintiff and other similarly situated employees under the FLSA' broad definition of "employer", (29 U.S.C. §203 (d)), and are jointly liable for Plaintiff's damages.

12. Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC, hereinafter will be called collectively MIAMI FUNERAL SERVICES or corporate Defendant.

13. Defendant MIAMI FUNERAL SERVICES employed Plaintiff NEREYDA CASTROS as non-exempt funeral home employee, from approximately 2010 through April 5, 2017, or more than 6 years. However, for FLSA purposes the relevant weeks of employment is 156 weeks.

14. Plaintiff's duties included those corresponding to a receptionist, and office attendant. Plaintiff worked at National Funeral Homes, and Auxiliadora Funeraria Nacional.

15. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of 5 days of work per week. Plaintiff worked from Monday to Friday, from 8:00 AM to 5:00 (9 hours each day) or a total of 45 (Forty-five) hours weekly. Plaintiff did not take lunch periods. Plaintiff punched in and out.

16. During her employment with Defendant, Plaintiff had different wage rates, she was paid at $12.00, $13.00, and $15.00 an hour. Plaintiff always was paid weekly 40 regular hours with a company check and for the remaining 5 overtime hours, she was paid at her regular rate, with a separate check, and from a different company.

17. Defendant failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate as established by the Fair Labor Standards Act.

18. Plaintiff was not in agreement with the rate paid to her for overtime hours.

19. On or about April 5, 2017, Plaintiff complained to the accountant Roberto Cano, who did not provide an answer. Then, Plaintiff complained to the owner of the business DAYANA SOSA, Plaintiff requested to be paid at the correct rate of time and a half her regular rate. DAYANA SOSA refused to pay the correct rate for overtime hours and fired Plaintiff immediately.

20. Up to the filing of this complaint, Plaintiff has not being paid for her last week of employment.

21. Plaintiff NEREYDA CASTROS seeks to recover any unpaid regular wages, half-time overtime hours, retaliatory damages, and any other relief as allowable by law. Plaintiff also intends to recover $86.75 plus $12.00 of bank charges, corresponding to a bad check given to her in payment for 5.78 overtime hours.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

23. Plaintiff NEREYDA CASTROS re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff NEREYDA CASTROS as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as

amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC (collectively called MIAMI FUNERAL SERVICES or Defendant) are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2, as such they are jointly liable for Plaintiff's damages.

26. Defendant MIAMI FUNERAL SERVICES was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a funeral home business. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly ordering goods and materials produced out of state, by recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all time material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a receptionist and office attendant, and through her daily activities, Plaintiff used the instrumentalities of interstate commerce to perform her work. Therefore, there is individual coverage.

28. Defendants MIAMI FUNERAL SERVICES employed Plaintiff NEREYDA CASTROS as non-exempt funeral home employee, from approximately 2010 through April 5, 2017, or more than 6 years. However, for FLSA purposes the relevant weeks of employment is 156 weeks.

29. Plaintiff's duties included those corresponding to a receptionist, and office attendant. Plaintiff worked at National Funeral Homes and Auxiliadora Funeraria Nacional.

30. While employed by Defendant, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of 5 days of work per week. Plaintiff worked from Monday to Friday, from 8:00 AM to 5:00 (9 hours each day), or a total of 45 (Forty-five) hours weekly. Plaintiff did not take lunch periods. Plaintiff punched in and out.

31. During her employment with Defendant, Plaintiff had different wage rates, she was paid at $12.00, $13.00, and $15.00 an hour. Plaintiff always was paid weekly 40 regular hours with a company check and for the remaining 5 overtime hours, she was paid at her regular rate, with a separate check, from a different company.

32. Defendant failed to pay Plaintiff at the rate of time and a half her regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

33. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate.

   a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

   Five Thousand Three Hundred Thirty-Two Dollars and 50/100 ($5,332.50)

   b. <u>Calculation of such wages</u>:
   Relevant weeks of employment: 156 weeks

   **1.- Period from April 12, 2014 to December 30, 2014= 37 weeks**
   Total number of hours worked: 45 hours average weekly
   Total number or paid hours: 45 hours
   Total number of overtime hours: 5 hours paid at regular rate
   Regular rate: $12.00 an hour x 1.5 = $18.00 O/T rate
   O/T rate: $18.00-$12.00 O/T rate paid= $6.00 half-time

   O/T half-time rate $6.00 x 5 O/T hours= $30.00 Weekly x 37 weeks=$1,110.00

   **2.- Period from January 1, 2015 to November 30, 2015= 48 weeks**
   Total number of hours worked: 45 hours average weekly
   Total number or paid hours: 45 hours
   Total number of overtime hours: 5 hours paid at regular rate
   Regular rate: $13.00 an hour x 1.5 = $19.50 O/T rate
   O/T rate: $19.50-$13.00 O/T rate paid= $6.50 half-time

   O/T half-time rate $6.50 x 5 O/T hours= $32.50 Weekly x 48 weeks=$1,560.00

   **3.- Period from December 1, 2015 to April 5, 2017= 71 weeks**
   Total number of hours worked: 45 hours average weekly
   Total number or paid hours: 45 hours
   Total number of overtime hours: 5 hours paid at regular rate
   Regular rate: $15.00 an hour x 1.5 = $22.50 O/T rate
   O/T rate: $22.50-$15.00 O/T rate paid= $7.50 half-time

   O/T half-time rate $7.50 x 5 O/T hours= $37.50 weekly x 71 weeks=$2,662.50

Total overtime 1, 2 and 3: $5,332.50

    c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

36. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.qqq

39. At the times mentioned, individual Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO were the owners/partners/and managers of MIAMI FUNERAL SERVICES. Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of MIAMI FUNERAL

SERVICES in relation to their employees, including Plaintiff and others similarly situated. Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO had operational and financial control of the corporation, and are jointly liable for Plaintiff's damages.

40. Defendants MIAMI FUNERAL SERVICES, and HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NEREYDA CASTROS and other similarly-situated individuals and against the Defendants MIAMI FUNERAL SERVICES, HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NEREYDA CASTROS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff NEREYDA CASTROS demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

42. Plaintiff NEREYDA CASTROS re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

43. Defendants SIGNAL FINANCE COMPANY LLC, MIAMI FUNERAL SERVICES & CREMATORIES, INC., and FIRST CUBAN FINANCIAL INC (collectively called MIAMI FUNERAL SERVICES or Defendant) are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2, as such they are jointly liable for Plaintiff's damages.

44. Defendant MIAMI FUNERAL SERVICES was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a funeral home business. Defendant has more than two employees recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all time material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

45. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a receptionist and office attendant, and through her daily activities, Plaintiff used the instrumentalities of interstate commerce to perform her work. Therefore, there is individual coverage.

46. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

48. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

49. Defendants MIAMI FUNERAL SERVICES employed Plaintiff NEREYDA CASTROS as non-exempt funeral home employee, from approximately 2010 through April 5, 2017, or more than 6 years. However, for FLSA purposes the relevant weeks of employment is 156 weeks.

50. Plaintiff's duties included those corresponding to a receptionist, and office attendant. Plaintiff worked at National Funeral Homes and Auxiliadora Funeraria Nacional.

51. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of 5 days of work per week. Plaintiff worked from Monday to Friday, from 8:00 AM to 5:00 (9 hours each day). or a total of 45 (Forty-five) hours weekly.

52. During her employment with Defendant, Plaintiff had different wage rates, she was paid at $12.00, $13.00, and $15.00 an hour. Plaintiff always was paid weekly 40 regular hours with a company check and for the remaining 5 overtime hours, she was paid at her regular rate, with a separate check from a different company.

53. Defendants failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

54. Plaintiff was not in agreement with the rate paid to her for overtime hours.

55. On or about April 5, 2017, Plaintiff complained to the accountant Roberto Cano, who did not provide an answer. Then, Plaintiff complained to the owner of the business DAYANA SOSA, Plaintiff requested to be paid at the correct rate of time and a half her regular rate. DAYANA SOSA refused to pay the correct rate for overtime hours and in retaliation for Plaintiff's complaint, she fired Plaintiff immediately.

56. This complaint constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

57. The termination of Plaintiff NEREYDA CASTROS by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of her complaint about overtime payment, in violation of Federal Law.

58. Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

59. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

60. At the times mentioned, individual Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO were the owners/partners/and managers of MIAMI FUNERAL SERVICES. Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that

these individual Defendants acted directly in the interests of MIAMI FUNERAL SERVICES in relation to their employees, including Plaintiff and others similarly situated. Defendants HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO had operational and financial control of the corporation, and are jointly liable for Plaintiff's damages.

61. Defendants MIAMI FUNERAL SERVICES, HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO willfully and maliciously retaliated against Plaintiff NEREYDA CASTROS by engaging in retaliatory actions that were materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

62. The motivating factor which caused Plaintiff NEREYDA CASTROS to be fired from the business, as described above was her complaint seeking overtime wages at the correct rate from the Defendants. In other words, Plaintiff would not have been fired, but for her complaints about overtime wages paid at the incorrect rate.

63. The Defendants' adverse actions against Plaintiff NEREYDA CASTROS were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

64. Plaintiff NEREYDA CASTROS has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NEREYDA CASTROS respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff NEREYDA CASTROS by Defendants MIAMI FUNERAL SERVICES, HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO was an unlawful act of retaliation in violation of 29

U.S.C. 215 (a) (3).

B. Enter judgment against Defendants MIAMI FUNERAL SERVICES, HILBERT I. MOHABIR, DAYANA SOSA and ESTRELLA RODERO awarding Plaintiff NEREYDA CASTROS liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff NEREYDA CASTROS demands trial by jury of all issues triable as of right by jury.

Dated: May 18, 2017

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*